**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jennifer Guzman, | Civil Action No.:  1:11-cv-10699-WGY |
| Plaintiff, | |
| v. | |
| Solomon & Solomon; and | **AMENDED COMPLAINT** |
| DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Jennifer Guzman, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jennifer Guzman ("Plaintiff"), is an adult individual residing in Lawrence, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Solomon & Solomon ("Solomon"), is a New York business entity with an address of Five Columbus Circle, Albany, New York 12203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Solomon and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Solomon at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Solomon for collection, or Solomon was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Solomon Engages in Harassment and Abusive Tactics

12.      Defendants left a message for Plaintiff.

13.      Plaintiff returned Defendants' call and spoke to one of the representatives of Solomon.

14.     The representative failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

15.     The representative threatened to garnish Plaintiff's wages if she did not pay the Debt.

16.     Moreover, the representative falsely stated that litigation had been commenced against her.

17.     Plaintiff, believing that the debt belonged to her, offered to pay $500.00 to avoid the threatened wage garnishment.

18.     Then Plaintiff inquired with her employer to find out if her wages were being garnished and was informed that her wages were not being garnished.

19.     At this time, Plaintiff realized that the debt did not belong to her.

20.     On April 19, 2011, Plaintiff spoke to a manger at Solomon and provided her Social Security Number.

21.     The manager then confirmed that the Plaintiff was not the debtor and that Defendants had been trying to contact a different individual with the same name.

22.     The manager also confirmed that a lawsuit had not been filed against the debtor or the Plaintiff.

23.     After notifying the Defendants that the debt did not belong to Plaintiff, the Defendants' calls did not cease.

### C. Plaintiff Suffered Actual Damages

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.

35.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

36.      The Defendants employed unfair or deceptive acts to collect the Debt, in

violation of M.G.L. c. 93A § 2.

37.      Defendant's failure to comply with these provisions constitutes an unfair or

deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble

damages plus reasonable attorney's fees.


## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

39.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

40.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Massachusetts.

41.     All acts of Defendants and the Collectors complained of herein were committed

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

imposition of punitive damages.

## COUNT IV
## COMMON LAW FRAUD

42.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute fraud under the Common Law of the State of Massachusetts.

44.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants. All acts of Defendants and the Collectors complained of herein were committed

with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to

punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.

    §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

    c.  93A § 3(A);

5.  Actual damages from Defendants for the all damages including emotional

    distress suffered as a result of the intentional, reckless, and/or negligent

6

FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for the Plaintiff;

6.   Punitive damages; and

7.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 14, 2011

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2011, a true and correct copy of the foregoing Amended Complaint was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

By  /s/ Sergei Lemberg

Sergei Lemberg